CAMPBELL, Acting Chief Judge.
Appellant, ARC Foods, Inc., challenges the final summary judgment entered against it in this landlord/tenant action. Finding the existence of genuine issues of material fact sufficient to prevent summary judgment, we reverse for further proceedings.
Appellee, MGI Properties (landlord), filed suit against ARC, d/b/a Little Caesar’s Pizza (tenant), seeking damages for breach of a commercial lease agreement. MGI alleged that ARC breached its lease by refusing to pay monthly rent after October 1, 1996, and vacating the premises at the end of that month. MGI sought acceleration of the remaining rent payments due to the end of the lease term.
ARC defended by admitting it made a final rent payment on October 1, 1996, but alleged MGI had precipitated that event because MGI had in fact breached the terms and conditions of the lease, thereby relieving ARC of further obligations under the lease. The critical clause of the lease at issue in these proceedings provided:
During the lease term and any options; the landlord agrees not to rent to any other tenant that sells take-out or delivery pizza.
Prior to October 1, 1996, MGI had rented to Carrabba’s Italian Grill a space in its shopping center that was next door to ARC’s Little Caesar’s operation. In support of its motion for summary judgment, MGI filed the affidavit of the president of Carrabba’s, who admitted that Carrabba’s sold take-out pizza but said that Can-abba’s sales of take-out pizza constituted less than one-half of one percent of “any of its stores’ sales.” Therefore, on the face of that affidavit, MGI’s act of renting space to Carrabba’s would be in violation of the lease term. MGI argues that a breach did not occur, however, because Carrabba’s take-out pizza sales were minimal and had little effect on ARC’s Little Caesar’s operation. This is apparently what the trial judge concluded, but to do so, he either weighed the evidence or resolved on summary judgment conflicting issues of fact. We conclude that very issue remains unresolved and is a genuine issue of material fact to be determined in fact-finding proceedings.
MGI also argued that summary judgment was proper because ARC had waived its right to object to Carrabba’s sales of take-out pizza or was estopped to complain because there had been other Italian restaurants in the premises and ARC had not objected to their presence. That issue is also unresolved, and there remains a genuine issue of material fact as to whether those restaurants sold take-out pizza and whether, if they did, ARC was aware of the fact and whether, if ARC was aware of such a fact, that knowledge constituted waiver or estoppel to complain of the lease to Carrabba’s. We therefore conclude that the trial judge erred in entering summary judgment on the issue of liability in favor of MGI.
When the trial court determined the issue of damages, it allowed as damages the entire real estate commission of the realtor who arranged for a reletting of the premises vacated by ARC. The premises were relet to an adjoining tenant who carried on a dental practice and expanded his office space into the space formerly leased to ARC. The relet-ting to the dentist tenant was for a longer term than the balance of ARC’s lease and for *665 a higher lease rate. On remand, if judgment is again rendered on the liability issue in favor of MGI, the real estate commission cost of reletting should be calculated only on the basis of the remaining term of ARC’S lease and on the lease rental rate of that lease. In addition, ARC should be given credit in mitigation for the increased rental rate for the premises.
Reversed and remanded with instructions.
ALTENBERND and GREEN, JJ., Concur.